with a consequent failure of consideration. This on the theory of rescission. This makes it unnecessary to pass upon the question whether a cause of action in fraud is also alleged. Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.

ESTHER SILVER, Respondent, v. CITY OF YONKERS and Others, Appellants. (Actions Nos. 1 and 2.) — Judgment and order affirmed, with costs. There was evidence which, if credited, would have justified the jury in finding that if there had been a lamp on the boulder it would have been visible to Harry Silver from shortly after he passed Yonkers avenue to just before he was momentarily blinded by the glare of the lights from the oncoming north-bound car. If he had been apprised of the presence of the boulder, he might have been negligent in veering toward it to his right, instead of coming to a stop, when momentarily blinded. But since the jury found that there was no lamp on the boulder, they were free to find that the boulder was not visible to Silver and that, not knowing of its presence, he was justified in assuming that the dirt strip was clear and that it would be safe to veer onto it to give the oncoming car ample clearance. In such circumstances the jury could have found as a fact that his veering to the right, instead of coming to a stop, was not negligence. The question whether or not he was negligent was, therefore, one of fact for the jury and may not be decided adversely to the plaintiff as a matter of law. Lazansky, P. J., Kapper, Carswell and Scudder, JJ., concur; Hagarty, J., dissents and votes to reverse and to dismiss the complaint upon the ground of the contributory negligence of Harry Silver. According to his own testimony, he drove his car a distance of about 200 feet while blinded by the headlight of an approaching automobile.

HARRY SILVER, Respondent, v. CITY OF YONKERS and Others, Appellants.— Judgment and order affirmed, with costs, on authority of *Silver* v. *City of Yonkers* (*ante*, p. 835), decided herewith. Lazansky, P. J., Kapper, Carswell and Scudder, JJ., concur; Hagarty, J., dissents and votes to reverse and to dismiss the complaint upon the grounds stated in his dissenting memorandum in *Silver* v. *City of Yonkers* (*supra*).

LILLIAN SILVER, Respondent, v. CITY OF YONKERS and Others, Appellants.— Judgment and order affirmed, with costs, on authority of *Silver* v. *City of Yonkers* (*ante*, p. 835), decided herewith. Lazansky, P. J., Kapper, Carswell and Scudder, JJ., concur; Hagarty, J., dissents and votes to reverse and to dismiss the complaint upon the grounds stated in his dissenting memorandum in *Silver* v. *City of Yonkers* (*supra*).

SPENCER, WHITE & PRENTIS, INC., Appellant, v. 233 EAST NINETY-FOURTH STREET, INC., and Others, Respondents, and Another, Defendant.— Order granting defendants' motion for a bill of particulars affirmed, with ten dollars costs and disbursements, the particulars to be served within five days from service of a copy of the order herein. No opinion. Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.

HENRY E. STOHLDREIER, Respondent, v. WOLNICAR SHOE CO., INC., and WILLIAM GOLDSTEIN SHOES, INC., Appellants.— Order and judgment entered thereon reversed upon the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, upon the ground that the papers disclose that there are issues of fact to be disposed of at a trial. Lazansky, P. J., Kapper, Hagarty, Carswell and Scudder, JJ., concur.